# IN THE COURT OF APPEALS OF IOWA

No. 22-0760
Filed July 20, 2022

**IN THE INTEREST OF L.T.,**
**Minor Child,**

**A.R., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

　　A mother appeals the termination of her parental rights. **AFFIRMED.**

　　Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant mother.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General for appellee State.

　　Tammy L. Banning of Waterloo Juvenile Public Defender's Office, Waterloo, attorney and guardian ad litem for minor child.

　　Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights. We find the termination of the mother's parental rights is supported by clear and convincing evidence, termination is in the child's best interests, and an exception to termination should not be applied. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

A.R. is the mother of L.T., who was born in 2021. At the time of the child's birth, the mother was involved in services with the Iowa Department of Human Services (DHS) for an older child, C.R. The mother has a history of mental-health and substance-abuse concerns.[1] The mother tested positive for methamphetamine at the time of L.T.'s birth. The child also tested positive for methamphetamine.

The child was removed from the mother's custody on March 16 and placed in the care of a maternal aunt. The mother did not have any visits with the child after the removal until July. On July 16, the child was adjudicated to be in need of assistance (CINA), under Iowa Code section 232.2(6)(n) and (o) (2021).

In August, the mother reported that she had scabies, which is very contagious. Her visits were put on hold until she could show the condition had cleared. The mother did not request visitation during this time. She did not provide timely information to social workers about her health. The dispositional order,

---

[1] During the juvenile court services for C.R., the mother tested positive for methamphetamine in March 2020. She had a substance-abuse evaluation in May. The mother also had a history of using marijuana and alcohol. The mother had a mental-health evaluation in May as well. She was diagnosed with an adjustment disorder but did not follow through with treatment.

dated October 26, noted the mother had not significantly participated in requested services or random drug testing.

On January 22, 2022, the State filed a petition for termination of the mother's parental rights. The mother resumed visitation in early March. In March 2022, DHS received information that the mother was treated for scabies on August 30, 2021. The mother did not provide this information to DHS at the time of treatment, although she was expressly told that her failure to provide the information was preventing her from participating in visitation. The mother did not have visitation with the child from August 2021 to March 2022 because she did not provide DHS with necessary information about her health.

The termination hearing was held on March 31. Lindsay Brown, a social worker with DHS, testified the mother did not obtain a substance-abuse evaluation or receive any treatment during the course of the CINA proceedings. The mother did not obtain a new mental-health evaluation. The mother was inconsistent in participating in family-centered services. Brown testified the mother was evasive with social workers and was "difficult to track in conversation."

On April 25, the juvenile court terminated the mother's parental rights under section 232.116(1)(e) and (h) (2022). The court stated:

> [The mother] has failed to participate in substance abuse and mental health treatment. She has elected not to participate in random drug testing. She has failed to maintain her sobriety to the court's knowledge. She has failed to provide financially for the child in any significant way. She has failed to maintain any significant bond with the minor child. [The mother] has opted to fail to obtain simple medical documentation that would allow her to visit with her child. She was keenly aware of the necessity to do so. [The mother] has also failed to display the appropriate caretaking abilities.

The court concluded the child could not be returned to the mother's care, noting she was unable to "provide the sober atmosphere necessary for raising a child." The court determined termination of the mother's parental rights was in the child's best interests. The mother appeals the juvenile court's decision.[2]

## II.    Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.    Discussion

We follow a three-step analysis in reviewing the termination of a parent's rights. *In re P.L.,* 778 N.W.2d 33, 39 (Iowa 2010). We first consider whether there is a statutory ground for termination of the parent's rights under section 232.116(1). *Id.* Second, we look to whether termination of the parent's rights is in the child's best interests. *Id.* (citing Iowa Code § 232.116(2)). Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.*

### A.    Sufficiency of the Evidence

On the first issue, sufficiency of the evidence, "[w]e will uphold an order terminating parental rights where there is clear and convincing evidence of the

---

[2] The father's parental rights were also terminated. He has not appealed.

statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We consider the termination of the mother's parental rights under section 232.116(1)(h).[3]

The mother disputes only the fourth element of section 232.116(1)(h). She asserts that she was willing and able to take the child into her care at the time of the termination. *In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014) (noting we consider whether a child can be returned to the parent's care at the time of the termination hearing).

The mother has not addressed the issues that caused the child's removal from her custody. The mother did not have a new substance-abuse evaluation or seek treatment for substance abuse, although she tested positive for methamphetamine at the time of the child's birth. She failed to obtain a new mental-health evaluation. The mother was inconsistent in participating in family-centered services. Additionally, the mother did not provide requested medical

---

[3] Section 232.116(1)(h) provides for termination of parental rights when the court finds:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

information and as a result, did not have visitation for a lengthy period of time. We conclude the statutory elements of section 232.116(1)(h) have been met.

### B. Best Interests

The mother claims termination of her parental rights is not in the child's best interests. She states that she is concerned about the well-being of the child. She also states that she displayed good parenting skills during visitation.

In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *P.L.*, 778 N.W.2d at 41. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

The juvenile court found the child required permanency. The court determined this could be met by termination of the mother's rights and adoption. Throughout the CINA proceedings the child was in the care of a maternal aunt, who has expressed an interest in adopting the child. The mother did not take the necessary steps to have the child returned to her custody. In fact, over much of the case, she did not take the necessary steps to have visitation with the child. The mother's actions demonstrate an unwillingness to ensure the child has a place of importance in the mother's life. We find termination of the mother's parental rights to be in the child's best interests.

**C.     Exceptions**

The mother asserts the juvenile court should have elected not to terminate her parental rights because termination would be detrimental to the child due to the closeness of the parent-child relationship.  *See* Iowa Code § 232.116(3)(c).

The application of the factors in section 232.116(3) are permissive, not mandatory.  *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019).  "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship."  *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).  The child's best interests remain our first consideration.  *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018).

The child was removed from the mother's custody soon after birth because both the mother and child tested positive for methamphetamine.  The mother had limited visitation because she did not provide DHS the necessary information about her health status.  The DHS worker testified she had not observed any bond between the mother and child.  We conclude the exception to termination urged by the mother located in section 232.116(3) should not be applied in this case.

We affirm the decision of the juvenile court.

**AFFIRMED.**